UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary B.,

          Plaintiff,

v.

Andrew Saul,
*Commissioner of Social Security*,

          Defendant.

Case No. 19-cv-2091-KMM

**ORDER**

Mary B. seeks judicial review of the denial of her application for disability benefits from the Social Security Administration (hereafter "SSA" or "the Agency"). Compl., ECF No. 1. Ms. B's claim was denied after an Administrative Law Judge ("ALJ") dismissed her request for a hearing because neither she, nor her representative appeared at a remote hearing scheduled for November 26, 2018, in Minneapolis. The ALJ determined that Ms. B and her attorney failed to show that there was good cause for the failure to appear. This matter is before the Court on the parties' cross-motions for summary judgment. Pl.'s Mot., ECF No. 23; Def.'s Mot., ECF No. 27. For the reasons that follow, Ms. B's motion is denied, the Commissioner's motion is granted, and this matter is dismissed.

**I.    Background**

Ms. B applied for disability insurance benefits on October 5, 2016. Administrative Record ("R") 179–80, ECF No. 21. On initial review, the SSA denied her application, sending her a Notice of Disapproved Claim on December 20, 2016. R. 82–86. Ms. B then obtained counsel and filed a request for reconsideration. R. 88–89. Upon reconsideration, the Agency denied Ms. B's claim again. R. 90–92. On April 7, 2017, Ms. B filed a request for a hearing before an ALJ. R. 93–94.

The SSA sent Ms. B and her attorney an acknowledgment that it had received the hearing request and advised that the hearing may be held by video teleconferencing. R. 95–97. A contemporaneous notice explained that a video hearing could be scheduled faster than an in-person hearing. R. 103. On August 22, 2018, ALJ Amy Budney,[1] sent Ms. B a Notice of Hearing. The notice scheduled the hearing for 9:30 a.m. on November 26, 2018, by video conference. R. 126–31. Though the hearing would be conducted remotely, Ms. B, her husband, her witness, and her attorney would nevertheless be required to travel from their homes in Willmar, Minnesota, to downtown Minneapolis to appear for the hearing. R. 126. The notice advised Ms. B to call the ALJ's office immediately if she was not able to attend the hearing and informed her that she could request a time or location change. R. 127–28. In early September 2018, Ms. B and her attorney acknowledged that they received the notice of hearing and intended to be present in Minneapolis for the late November hearing. R. 155.

On October 1, 2018, Ms. B's attorney contacted the ALJ's office regarding the timing of the hearing. R. 156. Ms. B's counsel stated that Willmar was more than 100 miles from the hearing office in Minneapolis and weather is "usually very bad" around late November in Minnesota. *Id.* The ALJ offered to conduct the hearing by phone or to schedule it later in the afternoon on the same day, but Ms. B's counsel declined those suggestions and indicated he would speak to Ms. B about requesting a postponement until the following Spring. *Id.*

In an October 11, 2018 letter to the ALJ, Ms. B's attorney requested a postponement until May 1, 2019. R. 157–58. The attorney's letter offered the following explanation for the request:

> [Ms. B], her witnesses and I live in Willmar, Minnesota, which is about 100 miles west of Minneapolis. The road between Willmar and Minneapolis (Highway 12) is a 2 lane road, poorly maintained in parts with a disproportionate number of fatal car accidents. [Ms. B] is unable to drive due to her impairments, her husband

---

[1]   ALJ Budney is located in Cleveland, Ohio.

> who has been found disabled by the Veterans Administration, is unable to transport her to Minneapolis under likely November weather and road conditions, her father-in-law, a witness for her, is elderly and unable to drive to Minneapolis. I am 74 years old and I have an autoimmune myositis that rules out my driving to Minneapolis in late November.

*Id.*

The ALJ declined to postpone the hearing. On November 13, 2018, the SSA's Office of Hearings Operations sent a "Notice of Hearing – Important Reminder," indicating that the video hearing remained scheduled for the morning of November 26th in Minneapolis. R. 159–60. This notice indicated that if Ms. B failed to appear at the hearing and did not provide a good explanation, the ALJ would dismiss the hearing request. R. 159.

On the morning of the hearing, Ms. B's attorney contacted the ALJ's office to say that neither he nor Ms. B would be present. R. 165. The attorney told the ALJ's staff that the reason he and Ms. B would not appear was "due to severe weather and road conditions." *Id.* Because the October 11, 2018 letter requesting a postponement had raised the issue of possible severe weather, the ALJ's assistant "checked weather.com for current weather conditions in the claimant's town as well as Minneapolis, the hearing site. Both state that current weather conditions were cold and cloudy to partly cloudy with no precipitation." *Id.*

Because neither Ms. B nor her attorney appeared at the video hearing, the ALJ sent a letter indicating that Ms. B would "need to show good cause if [she] still want[ed] to have a hearing with an administrative law judge." R. 172. Enclosed with the letter was a form entitled "Request to Show Cause for Failure to Appear." The form includes several blank lines for an explanation of the claimant's reasons for missing the hearing. R. 173. Ms. B's attorney completed the form on December 5, 2018, providing the following explanation:

> The Claimant, her witnesses, and I were unable to attend the hearing in Minneapolis on 11/26/2018 due to hazardous weather + road conditions. The one-

3

> way travel distance to the hearing site is about 100 miles. The 2 lane highway to Minneapolis has an elevated accident rate under the best conditions. The claimant's husband (driver) is physically disabled. Weather conditions were freezing precipitation.

R. 175. He also indicated that on the day of the hearing he notified the ALJ's office that he and the claimant would not be appearing for the hearing that day. *Id.*

On January 15, 2019, the ALJ issued a written decision dismissing Ms. B's request for a hearing. R. 18–20.[2] Citing the relevant provisions of 20 C.F.R. § 404.957, a regulation that allows an ALJ to dismiss a hearing request for failure to appear, the ALJ explained that Ms. B and her attorney received notice of the hearing in August 2018. R. 18. Next, the ALJ observed that Ms. B and her attorney signed and returned a form acknowledging that they received the notice of hearing and indicated that they would be present in Minneapolis at the arranged time. *Id.* The ALJ also noted that on September 20, 2018, Ms. B's attorney submitted a request for reimbursement for a hotel for himself, the claimant, and her witness for both the day before the scheduled hearing and the date of the hearing itself due to the possibility of bad road conditions. R. 18–19. The ALJ observed that Ms. B's attorney would not agree to a phone hearing during the October 1, 2018 phone conversation with the ALJ's assistant. R. 19. The ALJ then recounted that in response to the attorney's October 11, 2018 letter requesting a postponement, the ALJ's legal assistant called the attorney "to inform him that the request to reschedule the hearing was being denied." R. 19. The ALJ's assistant informed Ms. B's attorney that "the hearing would go forward as scheduled unless there was extreme weather on the day before or the day of the hearing. In the case of severe weather, the [ALJ] would then approve the postponement request." *Id.*

---

[2] The ALJ's dismissal order is also found at R. 24–26.

Although Ms. B's attorney called on the date of the hearing claiming that "severe weather and severe road conditions" prevented Ms. B, himself, and her witnesses from attending, and offered a similar excuse in response to the Request to Show Cause for Failure to Appear, the ALJ reasoned that this failed to establish good cause. She referenced weather reports for November 26th that contradicted the claim there had been hazardous weather. *Id.* The ALJ cited weather reports for Willmar and Minneapolis that showed the weather in both locations was cold, but there was no precipitation, and skies were either mostly sunny or partly cloudy. *Id.* The ALJ found that "a good reason [was] not provided for the claimant's failure to appear at the time and place of hearing." *Id.* Finally, she noted that both Ms. B and her attorney were made aware of the scheduled date and time for the hearing and that a failure to appear could result in dismissal. R. 19–20. The ALJ's dismissal decision had the effect of maintaining the Agency's denial of Ms. B's claim at the reconsideration level.

**II.     Discussion**

Ms. B claims that the Commissioner's decision denying her disability application should be overturned for two reasons. First, she argues that the ALJ erred in dismissing her hearing request and finding that she failed to provide a good reason for failing to appear. Pl.'s Br. at 3–5, ECF No. 24. Second, she argues that the Commissioner abused his discretion by transferring the matter to an ALJ based in Cleveland because an ALJ in Minnesota would have known that travel to Minneapolis from Willmar justified postponing the hearing. Pl's Br. at 5.

The Court reviews the Commissioner's findings to determine if they are supported by substantial evidence or result from an error of law. *Twyford v. Comm'r Soc. Sec. Admin.*, 929 F.3d 512 (8th Cir. 2019). Under the substantial evidence standard courts must defer to the Commissioner's findings and conclusions, but issues of law are reviewed de novo. *Smith v.*

5

*Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992). For the reasons that follow, the Court concludes that the ALJ's decision must be affirmed.

### A. Good Cause Under § 404.957

Under the SSA's regulations, an ALJ may dismiss a claimant's hearing request in the following circumstances:

> (b)(1)(i) Neither you [referring to the claimant] nor the person you designate to act as a representative appears at the time and place set for the hearing and you have been notified before the time set for the hearing that your request may be dismissed without further notice if you did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear; or
>
> > (ii) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.
>
> (2) In determining good cause or good reason under this paragraph, we will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have.

20 C.F.R. § 404.957(b) (the "Regulation").[3]

Neither Ms. B nor the Commissioner cites to any case law interpreting or applying the Regulation. Based on the Court's own research, neither the Supreme Court nor the Eighth Circuit appears to have issued a controlling decision regarding its application.[4] The case law analyzing

---

[3]   Because neither Ms. B nor her attorney appeared at the hearing, the ALJ sent out a request to show cause for the failure to appear, and Ms. B's representative responded to it in a timely manner, Ms. B's claim is best analyzed under § 404.957(b)(1)(ii). Though this section uses the phrase "good reason for failure to appear," rather than "good cause," section 404.957(b) appears to use the terms synonymously. Neither party suggests they have a different meaning and the Court's own research has identified no distinction between the two. The Court uses "good cause" and "good reason" interchangeably in this Order.

[4]   The case law in this area overwhelmingly addresses the availability of judicial review. In an unpublished decision, the Eighth Circuit affirmed a district court's decision to dismiss a case
(*footnote continued on next page*)

the "good cause" requirement under the Regulation is limited, mostly unpublished, and outcomes turn on the facts of each dispute. What the relevant cases tend to reveal, however, is that "establishing good cause for failing to attend a scheduled hearing largely revolves around whether the claimant or the claimant's representative received proper notification of the hearing or was otherwise prevented from attending the hearing…." *Young v. Astrue*, Civil Action No. 09-1496, 2010 WL 2891501, at *2 (W.D. Pa. July 21, 2010).

Good cause may excuse a claimant's failure to attend the hearing where language barriers interfere with her ability to timely file a response to a notice to show cause for failure to appear. *See, e.g.*, *Saephan v. Barnhart*, No. C 01-02660-SI, 2003 WL 22309450 (N.D. Cal. Oct. 1, 2003) (remanding to the Agency where the claimant alleged that he was unable to get the notice to show cause translated until after the response was due and that he sent a response explaining his linguistic difficulties to the ALJ, but the ALJ did not consider or discuss this letter in the dismissal decision). A claimant's absence from a hearing may be justified by good cause where

---

for lack of jurisdiction that was in a procedural posture similar to this one. *Haynes v. Apfel*, 205 F.3d 1346, 2000 WL 84500 (8th Cir. 2000) (per curiam). *Haynes* involved an ALJ's dismissal of a hearing request under 20 C.F.R. § 404.957(b) and a finding that the claimant failed to demonstrate good cause for failure to appear. *Id.* at *1. The Court of Appeals found that the district court lacked jurisdiction over the claimant's lawsuit under 42 U.S.C. § 405(g) because that statute provides for judicial review of "any final decision … made after a hearing," and no hearing was ever held. *Id.* More recently, a decision from the District of Minnesota reached the same conclusion. *Kaeding v. Berryhill*, Civil No. 16-889 (JRT/TNL), 2017 WL 4023101 (D. Minn. Sept. 13, 2017). Neither party addresses this case law, nor do they discuss whether the Supreme Court's recent decision in *Smith v. Berryhill*, 139 S. Ct. 1765 (2019), alters the analysis. *See Smith*, 139 S. Ct. at 1774–75 (concluding that district courts have jurisdiction to review denial of SSA benefits where the Appeals Council dismisses as untimely a request for review of an ALJ's merits decision following a hearing, overruling, *inter alia*, *Smith v. Heckler*, 761 F.2d 516 (8th Cir. 1985)); *see also id.* at 1777 n.17 (noting that although a "different question would be presented by a claimant who … faltered at an earlier step" in the administrative process and did not "receive[] a hearing at all, the Court's precedents make clear that a hearing is not always required"). Because the Commissioner has not argued that this Court lacks jurisdiction, and because the Court concludes that Ms. B has failed to show reversible error on the issues raised, the Court will not address this question.

the absence was attributable to her mental illness. *See Lee v. Colvin*, No. CV 12-5008-CW, 2013 WL 6017436 (C.D. Cal. Nov. 13, 2013) (concluding counsel's letter in response to a notice to show cause provided "a good reason for Plaintiff's absence at the hearing, specifically that Plaintiff missed the hearing due to his mental health issues").

On the other hand, good cause is not established in cases where notice of the hearing was properly given, and the claimants could not demonstrate something beyond their control prevented them from attending. In *Young*, for example, the court affirmed a finding that the plaintiff failed to show good cause despite his argument that he was given faulty directions and could not locate the hearing office. The court explained that he "reported no traffic problems, did not indicate when he left his residence, what route he took, whether he tried to telephone counsel, or why he did not leave earlier or take steps to travel with his representative if he did not know how to get to the hearing office." 2010 WL 2891501, at *2. Another court rejected the plaintiff's claim that his psychological condition caused him to record the day the hearing was scheduled inaccurately because the claimant spoke to his attorney a week before the hearing, and he signed an acknowledgment of the hearing that had the correct date and time. *Stires v. Comm'r of Soc. Sec.*, Civil Action 2:17-cv-811, 2018 WL 3237673, at *5–6 (S.D. Ohio July 3, 2018); *see also Neuzil v Astrue*, 2013 WL 2445212, at *4, 6 & n.10 (M.D. Tenn. June 5, 2013) (affirming the ALJ's dismissal where there was no support for the assertion that the plaintiff's severe mental impairments played a role in missing the hearing, the Agency did not mislead the plaintiff about where the hearing would be held, she had advanced notice of the location of the hearing, and the ALJ concluded that her explanation strained credulity).

In a separate regulation addressing good cause for missing a deadline to request review of a decision, the SSA lists several examples where good cause may exist, including:

> (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
>
> (2) There was a death or serious illness in your immediate family.
>
> ….
>
> (6) We gave you incorrect or incomplete information….
>
> ….
>
> (9) Unusual or unavoidable circumstances exist, including [whether "you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from appearing at the hearing]".

20 C.F.R. § 404.911(b).

Against this legal landscape, the Court evaluates Ms. B's claim that the ALJ erred in determining she failed to provide a good reason for the failure to appear at the November 26, 2018 hearing.

### B.  The Good Cause Determination

Ms. B argues that the ALJ's decision should be reversed for legal error because the ALJ did not consider her physical impairments, her husband's disability, or her attorney's physical limitations. She also asserts that the ALJ's conclusion was not supported by substantial evidence. Pl.'s Br. at 3–5. The Commissioner argues that the ALJ properly applied the regulation and that substantial evidence (namely weather reports contradicting the presence of hazardous weather and road conditions) supports the ALJ's findings. Def.'s Br. at 7–12, ECF No. 28. For the reasons that follow, the Court concludes that the ALJ did not err in determining that Ms. B failed to provide a good reason for the failure to appear.

There is no dispute that Ms. B and her attorney received notice of the hearing well before it was scheduled to take place. Critically, Ms. B does also does not dispute that her counsel

refused the ALJ's offer to conduct the hearing by phone as an alternative to requiring travel for a video hearing. Nor is there any dispute that counsel and Ms. B acknowledged that they would be present at the hearing office in Minneapolis on November 26th. Given these undisputed facts,[5] this case aligns with the decisions that have rejected challenges to dismissal of hearing requests under § 404.957 because the claimants were unable to show something outside of his or her control prevented attendance at the hearing. *Stires*, 2018 WL 3237673, at *5–6; *Neuzil*, 2013 WL 2445212, at *4, 6 & n.10; *Young*, 2010 WL 2891501, at *2. Under these circumstances, the Court concludes that the ALJ reasonably determined Ms. B did not provide a good reason for her failure to appear.

Ms. B's argument that the ALJ erred as a matter of law by failing to consider her own disability is not persuasive. In response to the Request to Show Cause for Failure to Appear, Ms. B did not assert that her physical (or any other) limitations prevented her from attending the November 26, 2018 video hearing in Minneapolis. Moreover, the ALJ's decision notes that she "considered the factors set forth in 20 CFR 404.957(b)(2)," which specifically requires the ALJ to consider the claimant's "physical, mental, educational, or linguistic limitations" in determining if good cause excuses a failure to appear. Although the ALJ did not provide a thorough explanation the issues under § 404.957(b)(2), it is difficult to fault the lack of depth in the written decision on that issue when Ms. B did not raise such a claim in her response to the Request to Show Cause for Failure to Appear.[6]

---

[5] Nor does this case involve a claim that Ms. B fell ill just before or on the date of the hearing, had a death in the family, or received inaccurate information about the hearing from the Agency. *See* 20 C.F.R. § 404.911(b).

[6] Ms. B's counsel raised the issue of Ms. B's alleged inability to drive due to her own impairments in the October 11, 2018 letter to the ALJ requesting a postponement of the hearing. But this does not show that the ALJ committed legal error in evaluating the response to the

(*footnote continued on next page*)

Moreover, Ms. B does not point to any evidence in the record showing that the ALJ's decision regarding the factors in the regulation were not supported by substantial evidence. One of the questions posed to the claimant by the SSA's Function Report form is: "Do you drive?". Ms. B marked the box next to "Yes" on her Function Report, which was filed around the same time she applied for benefits. R. 232 (Nov. 6, 2016 Function Report indicating that Ms. B drives a vehicle); *see also* R. 69 (initial determination finding activities of daily living include "able to drive"). If Ms. B drives, this evidence undermines the assertion that she was physically incapable of getting herself to the hearing. Ms. B does not now claim that her condition worsened between the filing of the Function Report and the November 2018 hearing that she failed to attend. Ms. B claims that she "has several well documented physical impairments that would absolutely rule out her ability to drive herself to Minneapolis on a very hazardous road under winter conditions." Pl. Mem. at 3. But she does not point to evidence in the record substantiating the assertion that she is unable to operate a vehicle due to her limitaitons.

Ms. B further argues that the ALJ should have considered the age and physical limitations of her husband, her attorney, and her witness in reaching a decision on good cause. However, the regulation only requires the ALJ to consider Ms. B's physical limitations in evaluating good cause. It does not demand that the ALJ consider any other person's limitations.[7] This is not to suggest that the limitations of others are irrelevant to a determination of whether a

---

Request to Show Cause for Failure to Appear. The ALJ had already denied the October 11th request for a postponement, and Ms. B did not ultimately claim her failure to attend the November 26th hearing was caused by her own inability to drive.

[7] The ALJ at least implicitly found that the limitations of other individuals did not support Ms. B's October 11, 2018 request for a continuance. However, the propriety of that decision is not before the Court in this litigation. Under 42 U.S.C. § 405(g), the Court only has the authority to review a "final decision" of the Commissioner, and it cannot be said that the denial of a request to continue a hearing before an ALJ is such a final decision.

11

claimant has a good reason for failing to appear at a hearing. But the Court cannot say that the ALJ committed legal error in applying § 404.957(b)(2) because she did not discuss the impediments to attending the hearing experienced by people other than the claimant herself.

In addition, the Court is not persuaded that there was any error in the ALJ's rejection of the reason Ms. B gave for failing to appear in response to the Request to Show Cause. The ALJ had previously rejected a broad request for a several-month continuance so that the hearing would not occur at all during winter. The ALJ concluded that Ms. B's counsel's claim of severe weather was contradicted by weather reports from Willmar and Minneapolis. Reports from both locations showed that there was no extreme weather or hazardous weather. That the publicly available information belied counsel's proffered reason was certainly a relevant consideration to the question of good cause. The Court concludes that the ALJ's finding that the claim of severe weather and hazardous road conditions did not demonstrate good cause for the failure to appear was adequately supported by the record.

Finally, Ms. B argues that the ALJ's decision is not supported by substantial evidence because Highway 12 between Willmar and Minneapolis is "locally recognized as hazardous under the best weather conditions, let alone during winter weather" and she points to historical data showing that the road has a higher fatal crash rate than other highways. Pl.'s Mem. at 4–5. But this argument again seeks to relitigate the issue of the plaintiff's counsel's October 11, 2018 request for a continuance so that no hearing would be held in the winter at all. *Id.* at 5 (referring to the October 11th request and asserting that the ALJ "was unrelenting in her insistence that the hearing must go forward on her schedule"). As noted above, the propriety of the ALJ's decision to reject the request to postpone the hearing is not before the Court. Even if that question were before the Court, it would not warrant reversal because the ALJ did not act unreasonably in this

case. When plaintiff's counsel first alerted the ALJ's staff to a concern with the timing of the hearing, the ALJ offered a phone hearing as an alternative. Ms. B's counsel flatly rejected that option and then requested a continuance. It was not unreasonable for the ALJ to decline the request for a continuance based on the mere possibility that the weather could make travel difficult to a remote hearing in Minneapolis in late November. Nor was it unreasonable for the ALJ to conclude that Ms. B's concerns about the safety of Highway 12 did not justify a six-month postponement of the hearing. Having rejected the alternative of a phone hearing, it was incumbent upon Ms. B, her attorney, and the witnesses to arrange a means of travel to Minneapolis for the hearing.[8] It appears they contemplated this option because a request for reimbursement for a hotel room for the night before the hearing was submitted. R. 266–67. Essentially, what the record shows is that when Ms. B's request for a continuance was rejected, it was her counsel that insisted the claim be adjudicated on a schedule and in a forum that was acceptable to him, not that the ALJ acted unreasonably.

For these reasons, the Court concludes that the ALJ did not err in dismissing the hearing request pursuant to 20 C.F.R. § 404.957.

### C. Alleged Abuse of Discretion

Lastly, Ms. B claims that the Commissioner "abused his discretion when he shipped the Plaintiff's case from the Minneapolis OHO to the Cleveland OHO." Pl.'s Mem. at 5. She suggests that an ALJ based in Minneapolis "would have been much more likely to have granted the requested postponement." *Id.* Again, the ALJ's denial of the request for a continuance of the hearing is not properly before the Court. Ms. B also cites no authority for the proposition that the

---

[8] Highway 12 is not the only route between Willmar and Minneapolis, and transportation by bus is possible. Def.'s Mem. at 8 n.1.

13

Commissioner's decision to assign a case to a non-local hearing office is reviewable by a federal district court or that it can constitute an abuse of discretion. This undeveloped argument provides no basis for the Court to reverse the Commissioner's denial of Ms. B's application for disability benefits.

## IV. Order

For the reasons stated above, **IT IS HEREBY ORDERED THAT** Ms. B's motion for summary judgment is **DENIED** and the Commissioner's motion for summary judgment is **GRANTED**. This matter is **DISMISSED**.

**Let Judgment be entered accordingly.**

Date: August 18, 2020

                                                     *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States Magistrate Judge